In re Jimmy Roger MORGAN and Jamie Lynne Morgan, Debtors.

Jimmy Roger Morgan and Jamie Lynne Morgan, Movants,

v.

July 17, 2000.

Anne M. Bernstein, Law Office of Bob Dunn, Athens, GA, for movants.

Ann Reid, Trial Attorney, Tax Division, United States Department of Justice, Washington, DC, for respondent.

## *ORDER DENYING MOTION FOR SUMMARY JUDGMENT FILED BY THE UNITED STATES OF AMERICA*

ROBERT E. BRIZENDINE, Bankruptcy Judge.

Before the Court is the motion of the United States of America for summary judgment on the above-named Debtor–Movants' objection to the claim of Respondent, the United States of America, by and through the Internal Revenue Service, for unpaid income taxes for the tax years ending 1988, 1989, and 1990 including interest and penalties. Upon review of this matter, the Court concludes that the motion should be denied.

Previously, this Court entered an Order denying the Debtors' objection. This Order was affirmed by the District Court,

but the U.S. Eleventh Circuit Court of Appeals vacated and remanded the matter to this Court by Judgment entered on July 26, 1999. *Morgan v. United States (In re Morgan)*, 182 F.3d 775 (11th Cir.1999). In its ruling, the Eleventh Circuit determined that 11 U.S.C. § 105 permitted a bankruptcy court, in exercise of its equitable powers in appropriate circumstances, to toll the three-year period set forth in Section 507(a)(8)(A)(i) in connection with a debtor's prior bankruptcy case. Hence, the issue presented to this Court is whether the facts of this matter support a finding that said three-year period should be tolled in exercise of the Court's equitable powers under Section 105(a).[1]

As noted by the United States, the Eleventh Circuit rejected the notion that dilatory conduct or bad faith must be established before the equities can be adjudged to be in favor of the government. 182 F.3d at 780 n. 8. Although the United States has shown that it vigorously pursued collection efforts against the Debtors and Debtors have not specifically responded to the factual issues implicated herein, the Court finds that the record is still not sufficient to permit a finding regarding application of Section 105(a). For instance, the Court needs further factual development pertaining to the particular circumstances surrounding payments made to the United States by the Debtors in their prior case and the grounds for its dismissal. Once the record is more fully developed, the Court can then properly determine whether the facts constrain the application of equity in tolling the three-year provision of Section 507(a)(8)(A)(i).[2]

In their brief, Debtors' principally challenge the legal basis for applying Section 105(a). That issue, however, has been settled by the Eleventh Circuit in its Judgment. This Court's equitable powers un-der Section 105(a) are sufficient to toll the three-year period provided in Section 507(a)(8)(A)(I). The question this Court must now decide following remand of this case by the circuit court is not whether Section 105(a) can be applied in support of equitable tolling, but whether the facts on this record support such application and use of this Court's equitable powers in connection with Section 507(a)(8)(A)(I) and the efforts of the United States to collect the unpaid tax liabilities in question from the Debtors.

Accordingly, it is

**ORDERED** that the motion of the United States of America for summary judgment be, and hereby is, **denied** and this matter will be set for trial upon separate written notice.

**IT IS SO ORDERED.**

---

1. As discussed in the aforesaid orders, the significance of the tolling issue centers on whether certain claims of the United States against Debtors for unpaid taxes are entitled to priority treatment in this case under Section 507(a)(8)(A)(i), and more specifically, the effect of Debtors' prior bankruptcy case on the running of three-year time period contained in that provision.

2. In reviewing the pertinent facts, the Court can address the types of problems raised as hypotheticals in the Debtors' brief.